[Civ. No. 21432. Fourth Dist., Div. Two. Oct. 22, 1980.]

GILBERT SAUCEDO et al., Plaintiffs and Appellants, v.
MERCURY SAVINGS AND LOAN ASSOCIATION et al.,
Defendants and Respondents.

COUNSEL

Fred Crane , Timothy L. Newlove and John Meyer for Plaintiffs and Appellants.

Tyre & Kamins, Randall H. Kennon and Peter M. Sloan for Defendants and Respondents.

OPINION

KAUFMAN, J.—In this appeal we are asked to reconsider our decision in *Pas v. Hill* (1978) 87 Cal.App.3d 521 [151 Cal.Rptr. 98], insofar as it held that a "subject-to" purchaser (or nonassuming grantee) of property encumbered by a deed of trust is not entitled to recover attorney fees under Civil Code section 1717 in a successful suit to enjoin the trust deed holder from enforcing a due-on-sale clause in the promissory note secured by the deed of trust. Upon reexamination and reconsideration of the problem we conclude that on this point *Pas v. Hill* was incorrectly decided and we overrule that decision to the extent it is inconsistent herewith. Plaintiffs Gilbert and Angelina Saucedo will be

referred to as plaintiffs; their predecessors in interest, James M. and Christine H. McKernie, the original borrowers, will be referred to as the McKernies; Mercury Savings and Loan Association will be referred to as Mercury, and Mercury and the trustee collectively will be referred to as defendants.

In September 1973 Mercury loaned $25,800 to the McKernies for the purchase of a residence located at 9635 Drake Place, Riverside. The McKernies executed a promissory note and a deed of trust on the property in favor of Mercury. The note contained a unilateral attorney fees provision reading: "If the holder of this note institutes legal action to enforce this note and prevails in such action, I shall pay his attorney fees in connection with such action in [*sic*] amount that is fixed by the court as reasonable." The note also contained a due-on-sale clause providing that the entire unpaid balance of the note would immediately become due and payable in the event the McKernies sold or otherwise transferred or conveyed the property unless Mercury consented in writing to the transfer.

The deed of trust provided inter alia that to protect the security of the deed of trust, the McKernies agreed "3. To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, *and to pay all costs and expenses, including...attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear.*" (Italics added.)

On about July 2, 1976, plaintiffs purchased the Drake Place property from the McKernies, paying $16,500 in cash and taking the property "subject to" the existing loan represented by the note and deed of trust held by Mercury. On July 3, 1976, plaintiffs informed Mercury that they had purchased the property, and negotiations ensued for the assumption by plaintiffs of the loan. Mercury demanded a transfer fee of $125 and an increase in the interest rate from 7½ percent to 9 percent. Plaintiffs refused to agree to these changes, whereupon on December 7, 1976,[1] Mercury elected to enforce the due-on-sale clause and, pursuant to Civil Code section 2924b, caused to be filed a notice of default and election to sell under the deed of trust.

---

[1]A notice of default and election to sell under the deed of trust was filed earlier on November 18, 1976, but it was defective and was therefore rescinded.

To prevent defendants from proceeding to foreclose, plaintiffs commenced this action for declaratory relief, injunction and exemplary damages. In the prayer of their answer defendants requested inter alia the recovery of reasonable attorney fees.

After issuance of a preliminary injunction restraining foreclosure sale, defendants filed a motion for summary judgment asking the court to rule as a matter of law that Mercury had the right automatically to enforce the due-on-sale clause because of the sale and transfer of the property from the McKernies to plaintiffs. As part of the motion for summary judgment an award of attorney fees in the amount of $1,750 was requested on the basis of the attorney fee provisions in the promissory note and deed of trust. Apparently, defendants' motion for summary judgment was denied.

Subsequently, following the decision by the California Supreme Court in *Wellenkamp v. Bank of America* (1978) 21 Cal.3d 943 [148 Cal.Rptr. 379, 582 P.2d 970], holding, in essence, that commercial lenders may exercise a due-on-sale clause only if they can demonstrate that the sale or transfer results in an impairment of their security, plaintiffs filed a motion for summary judgment on their cause of action for declaratory relief, requesting an award of attorney fees. In view of the *Wellenkamp* decision defendants did not resist the motion for summary judgment. They did, however, oppose plaintiffs' request for attorney fees. The court granted the motion for summary judgment in favor of plaintiffs on their action for declaratory relief and, pursuant to an oral motion of plaintiffs at the time of hearing, dismissed plaintiffs' causes of action for injunction and punitive damages. The order recited that the question of attorney fees remained to be resolved.

At about the same time plaintiffs filed a memorandum of costs and disbursements in the amount of $5,891.55 of which $5,675 consisted of a claim for attorney fees. Defendants responded with a notice of motion to tax costs. The only item attacked was the claim for attorney fees. Relying largely upon the decision in *Pas* v. *Hill, supra,* 87 Cal.App.3d 521, 532-537, defendants contended that plaintiffs were not entitled to recover attorney fees because, not being parties to either the promissory note or deed of trust, plaintiffs could not have been held liable for attorney fees had Mercury prevailed in the action. The trial court, also no doubt relying on *Pas* v. *Hill,* granted the motion to tax, disallowing plaintiffs' claim for attorney fees. It is from this order that plaintiffs appeal.

In *Pas* v. *Hill, supra,* 87 Cal.App.3d at pages 533-535, we concluded on similar facts that the "subject to" purchasers were not entitled to recover attorney fees because, not being parties to the note or deed of trust, they were not personally liable to perform the obligations created by those instruments and could not have been held liable for attorney fees had the beneficiary and trustee of the deed of trust prevailed in the action. In discussing the decision in *Babcock* v. *Omansky* (1973) 31 Cal.App.3d 625 [107 Cal.Rptr. 512], we repeated our disagreement with the reasoning of the court in that decision, originally expressed in our opinion in *Canal-Randolph Anaheim, Inc.* v. *Wilkoski* (1978) 78 Cal.App.3d 477, 485-486 [144 Cal.Rptr. 474]. We opined that the result in *Babcock* was correct and that it might properly have been reached on a theory of equitable estoppel—e.g., "the plaintiffs having alleged and attempted to prove the defendant wife was a party to the notes as a joint venturer and that she was liable under the notes' attorney fee provisions and having caused defendant wife to defend against such liability, were estopped to deny defendant wife was a party to the contract for the remedial purposes of Civil Code section 1717." (87 Cal.App.3d at pp. 535-536.)

Plaintiffs here first urge that they should have recovered attorney fees under the equitable estoppel theory suggested in *Pas* v. *Hill.* They correctly assert that in the case at bench, unlike the situation in *Pas* v. *Hill,* Mercury and the trustee did early in the case take the position that plaintiffs were liable for attorney fees under the promissory note and deed of trust. Thus, they urge that Mercury and the trustee should be estopped from denying plaintiffs' reciprocal right to recover attorney fees under Civil Code section 1717.[2] While plaintiffs' right to recover attorney fees might conceivably be established on that basis,[3] our reanalysis of the problem leads us to the conclusion that our denial of the recovery of attorney fees in *Pas* v. *Hill* was in error, and we think it preferable to deal with the problem head on, rather than obliquely by adopting another theory.

---

[2]Civil Code section 1717 reads in part: "In any action on a contract, where such contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements."

[3]In *Babcock* v. *Omansky, supra,* 31 Cal.App.3d 625, had the plaintiffs prevailed in the action against the defendant wife, she would have been liable for attorney fees provided for by the contract as a joint venturer. Thus the court was entirely correct in holding that under Civil Code section 1717 she had the reciprocal right to recover at-

Plaintiffs suggest that by emphasizing the attorney fee provision in the promissory note and the lack of personal liability of the "subject to" purchasers in the *Pas v. Hill* decision, our attention was diverted from the real relationship between a nonassuming grantee and the trust deed holder. This relationship, resulting primarily from the deed of trust, enables the trust deed holder as a practical matter to recover his attorney fees from the nonassuming grantee despite the fact the nonassuming grantee is not personally liable for the performance of the obligations of the note and deed of trust.

Several noted real property authorities have also criticized as unrealistic the result reached on the attorney fee question in *Pas v. Hill.* In 1 Miller and Starr, Current Law of California Real Estate (1979 supp.) section 3:109, pages 93-94, footnote 16, it is observed: "The case of *Pas v. Hill, supra,* involved an action by a non-assuming grantee to enjoin the foreclosure of a purchase money deed of trust. The injunction was granted. The Court reasoned that since the non-assuming grantee was not a party to the contract he could not be held personally liable for the payment of the fees; therefore, he cannot recover fees from the beneficiary under CC § 1717. As a matter of legal theory, this is correct. However, as a practical matter, on foreclosure the beneficiary is entitled to recover its fees as a condition to redemption and if the non-assuming grantee wishes to protect his equity in the property he will have to pay those fees. Since the grantee expended fees to enjoin the foreclosure, there is an indication that there was a sufficient equity in the property to be protected. Therefore, the Court's conclusion is unrealistic. Since the grantee is required to pay the fees of the beneficiary to protect his equity in the property, this should be a sufficient practical reason to apply CC § 1717 in an action by the Trustor [*sic:* grantee] to enjoin the beneficiary's foreclosure." Professor Hetland has pointed out that inasmuch as there is no personal liability on a purchase money deed of trust in any event, personal liability would appear to be an inappropriate basis for distinguishing between the original trustor and his

torney fees when she prevailed. (*Reynolds Metals Co.* v. *Alperson* (1979) 25 Cal.3d 124, 128-129 [158 Cal.Rptr. 1, 599 P.2d 83].) Here, as a legal proposition, Mercury and the trustee could not have recovered a personal judgment against plaintiffs for attorney fees because plaintiffs, as "subject to" purchasers, were not personally liable for performance of the obligations created by the note and deed of trust. (*Cornelison* v. *Kornbluth* (1975) 15 Cal.3d 590, 596-597 [125 Cal.Rptr. 557, 542 P.2d 981]; *Pas* v. *Hill, supra,* 87 Cal.App.3d at p. 533.) Nevertheless, inasmuch as Mercury and the trustee could have recovered their attorney fees from plaintiffs as a practical matter had plaintiffs not prevailed in the action (see discussion, *infra*), perhaps it might be said that for practical purposes plaintiffs here were in the same position as the defendant wife in the *Babcock* case.

nonassuming grantee. (Real Property Secured Transactions (Conf. for Cont. Ed., 1979) p. 122.)

■ On rethinking the matter we agree with plaintiffs and the authoritiees noted. While we adhere to our conclusion that Civil Code section 1717 was not intended to extend the right to recover attorney fees to persons who themselves could not have been required to pay attorney fees in the event their adversary prevailed in the action, we are persuaded that in every case in which the nonassuming grantee has a sufficient interest in the property to warrant his resisting foreclosure, he would as a real and practical matter be required to pay reasonable attorney fees incurred by trustee and/or beneficiary should they prevail in the action to prevent foreclosure.

While the nonassuming grantee would not have been personally liable for payment of attorney fees under the note and deed of trust, the trustee and/or beneficiary would have been entitled to attorney fees under the provisions of the deed of trust had they prevailed, and these fees would have become part of the debt secured by the deed of trust. To prevent foreclosure of his interest, the nonassuming grantee would have had to pay off the secured debt, including the attorney fees, by refinancing or otherwise. (See Civ. Code, §§ 2905, 2924c, subd. (a).)[4] This practical "liability" of the nonassuming grantee is sufficient to call into play the remedial reciprocity established by Civil Code section 1717. With due apologies to the trial court and others who relied on our decision of the attorney fee question in *Pas* v. *Hill, supra*, 87 Cal.App.3d 521, we overrule that decision insofar as it is inconsistent herewith.

The order appealed from is reversed with directions to the trial court to allow the cost bill claim for attorney fees in a reasonable amount on account of the services of plaintiffs' attorneys in prosecuting the causes of action for declaratory relief and injunction in that court. Plaintiffs shall recover the additional sum of $850 on account of their attorney fees on appeal. In the interests of justice the parties shall bear their own respective costs on appeal.

Tamura, Acting P. J., and McDaniel, J., concurred.

---

[4]In the event the foreclosure sale were actually held, the attorney fees of the trustee and/or beneficiary would be recovered out of the proceeds of sale.