Filed 9/22/14  Reynoso v. Patel CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| MARGARITA FUNG REYNOSO, | H039016 |
| Plaintiff and Appellant, | (Santa Clara County Super. Ct. No. 1-11-CV201263) |
| v. | |
| HIRA PATEL, | |
| Defendant and Respondent. | |

Plaintiff Margarita Fung Reynoso appeals from an order denying her motion for attorney's fees under Civil Code section 1717[1] after she prevailed on her cause of action to cancel a deed of trust.  Although Reynoso was not a party to the deed of trust, she contends that she was entitled to recover her attorney's fees because the beneficiary of the deed of trust, defendant Hira Patel, would have been able to recover his attorney's fees as a lien on her property had he prevailed.  Patel asserts that Reynoso is precluded from recovering her attorney's fees because she elected a trial de novo after a judicial arbitration award, did not incur any attorney's fees, was not entitled to recover any attorney's fees under section 1717, and was estopped from seeking her attorney's fees. We conclude that Reynoso was entitled to recover her attorney's fees under section 1717.

_____

[1]     Subsequent statutory references are to the Civil Code unless otherwise specified.

## I. Background

In April 2004, a forged grant deed was recorded purporting to transfer Reynoso's property from her to Moonlien L. Reynoso (Moonlien). At the same time, a deed of trust was recorded on Reynoso's property purporting to secure a $70,000 promissory note. The deed of trust purported to be an agreement between Patel, as the lender, and Moonlien, as the borrower. One clause in the deed of trust addressed attorney's fees. This clause appeared under the heading "9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument." It stated: "If . . . there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument . . . , then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument . . . . Lender's actions can include, but are not limited to . . . paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument . . . ." "Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument." In September 2004, a grant deed was recorded purporting to transfer the property from Moonlien back to Reynoso. In May 2006, the forged April 2004 grant deed was declared void by court order.

Reynoso's 2011 first amended complaint sought a declaration cancelling the deed of trust, a judgment quieting title to her property, and damages for slander of title. The parties agreed to submit the case to judicial arbitration, and a judicial arbitration hearing was held in February 2012. The arbitrator's ruling quieted title to the property in Reynoso, cancelled the deed of trust, and awarded Reynoso $15,000 in attorney's fees. In April 2012, Reynoso filed a request for a trial de novo.[2] On July 23, 2012, the day of

---

[2] In April 2012, Reynoso filed a supplemental complaint after she transferred the property to a trust.

2

the trial de novo, Patel proffered a recorded full reconveyance of the deed of trust. Reynoso's slander of title cause of action proceeded to jury trial, and the jury returned a special verdict for Patel based on the statute of limitations. The court tried the causes of action for cancellation of the deed of trust and quiet title. It found that the deed of trust was "a false and forged document," declared it void, and cancelled it. The court also quieted title to the property in Reynoso. The judgment directed that the parties would each pay their own costs.

Reynoso filed a motion seeking attorney's fees of over $130,000 under section 1717. She asserted that she was the prevailing party on a contract, the forged deed of trust. Patel opposed the motion on the grounds that no action had been brought on a contract, Reynoso was not a party to the deed of trust, the deed of trust did not contain an attorney's fees clause, and Reynoso had not incurred any attorney's fees. He also asserted that Code of Civil Procedure section 1141.21 precluded attorney's fees because the judgment was not more favorable than the arbitration award. Reynoso proffered a declaration from her brother asserting that he had paid attorney's fees for Reynoso in return for her promise to reimburse him. The court explicitly rejected Patel's claim that Reynoso had not incurred any attorney's fees. The court nevertheless denied Reynoso's attorney's fees motion although it admitted that it had "some difficulty" with the issues and was "very sympathetic" to Reynoso's "situation." Reynoso timely filed a notice of appeal.

## II. Discussion

### A. Code of Civil Procedure Section 1141.21 Does Not Apply

Code of Civil Procedure section 1141.21 provides that, "[i]f the judgment upon the trial de novo is not more favorable in either the amount of damages awarded or the type of relief granted for the party electing the trial de novo than the arbitration award, the court shall order that party to pay the following nonrefundable costs and fees, unless the

3

court finds in writing and upon motion that the imposition of these costs and fees would create such a substantial economic hardship as not to be in the interest of justice: . . . To the other party or parties, all costs specified in Section 1033.5, and the party electing the trial de novo shall not recover his or her costs." (Code Civ. Proc., § 1141.21, subd. (a)(1).) Code of Civil Procedure section 1033.5 specifies attorney's fees as an element of costs where authorized by contract or statute. (Code Civ. Proc., § 1033.5, subd. (a)(10).)

Code of Civil Procedure section 1141.21 is part of chapter 2.5 of title 3 of part 3 of the Code of Civil Procedure. "This chapter [(chapter 2.5)] shall not apply to any civil action which includes a prayer for equitable relief, except that if the prayer for equitable relief is frivolous or insubstantial, this chapter shall be applicable." (Code Civ. Proc., § 1141.13.) Both an action for declaratory relief and an action to quiet title are equitable. (*Caira v. Offner* (2005) 126 Cal.App.4th 12, 24.) Reynoso's action sought both declaratory relief and quiet title, and that portion of the action was not "frivolous or insubstantial" as it was the crux of the action. Consequently, Code of Civil Procedure section 1141.21 did not apply to this action and did not preclude an award of attorney's fees to Reynoso.

**B. Reynoso Is Entitled To Recover Her Attorney's Fees Under Section 1717**

"In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." (§ 1717, subd. (a).)

Reynoso contends that she was entitled to recover her attorney's fees under section 1717 because her action to cancel the deed of trust was an "action on a contract."

4

Patel does not challenge Reynoso's contention that her action was on a contract. "[I]t is difficult to think of an action that is more likely to be characterized as an 'action on a contract' than one in which the party bringing the action explicitly seeks to have the subject contract declared void and invalid in its entirety." (*Eden Township Healthcare Dist. v. Eden Medical Center* (2013) 220 Cal.App.4th 418, 427.) Reynoso's action sought to have the deed of trust declared void and invalid. Hence, her action was "on a contract" within the meaning of section 1717.

Reynoso asserts that the attorney's fees provision in the deed of trust applied to her action even though she was not a party to the deed of trust. Patel maintains that Reynoso could not rely on the provision in the deed of trust because she was not a party to the deed of trust. Reynoso relies on *Saucedo v. Mercury Sav. & Loan Assn.* (1980) 111 Cal.App.3d 309 (*Saucedo*). In *Saucedo*, a nonassuming grantee who was not a party to the deed of trust sought attorney's fees under a provision of the deed of trust. (*Saucedo*, at p. 311.) The Court of Appeal held that the nonassuming grantee was entitled under section 1717 to recover attorney's fees as a consequence of the deed of trust's attorney's fees provision. "While the nonassuming grantee would not have been personally liable for payment of attorney fees under the note and deed of trust, the trustee and/or beneficiary would have been entitled to attorney fees under the provisions of the deed of trust had they prevailed, and these fees would have become part of the debt secured by the deed of trust. To prevent foreclosure of his interest, the nonassuming grantee would have had to pay off the secured debt, including the attorney fees, by refinancing or otherwise. . . . This practical 'liability' of the nonassuming grantee is sufficient to call into play the remedial reciprocity established by Civil Code section 1717." (*Saucedo*, at p. 315.)

Patel claims that *Saucedo* is distinguishable because the nonassuming grantee in *Saucedo* "stepped into the shoes" of a party to the deed of trust. We see no basis for the purported distinction. Reynoso also "stepped into the shoes" of a party to the deed of

5

trust.  Moonlien, a party to the deed of trust, purported to be the owner of Reynoso's property at the time of the deed of trust.  After Moonlien reconveyed the property back to Reynoso, Reynoso "stepped into the shoes" of Moonlien with respect to the deed of trust.

Patel also argues that there was no basis for section 1717 reciprocity because he would not have been able to recover attorney's fees from Reynoso if he had prevailed.  He is incorrect.  Under the deed of trust, any attorney's fees incurred by Patel in a proceeding concerning Patel's "rights under" the deed of trust would be added to the amount of the debt secured by the deed of trust.  Reynoso's action to declare the deed of trust void indisputably concerned the validity of Patel's rights under the deed of trust.  Because any attorney's fees he incurred defending those rights would have, had he prevailed, become a lien against Reynoso's property, as a practical matter she would have been liable for paying Patel's attorney's fees.  Hence, there was a solid basis for section 1717 reciprocity.

Patel insists that Reynoso could not recover attorney's fees because she did not incur any attorney's fees.  This factual issue was resolved by the trial court in Reynoso's favor, and the record supports the court's finding.  Reynoso was obligated to pay her attorney under her fee agreement with him.  Her brother paid some of her attorney's fees, but she had agreed to repay her brother.  This evidence readily established that Reynoso had incurred attorney's fees.

Finally, Patel asserts that Reynoso was judicially estopped or equitably estopped from seeking her attorney's fees because her attorney took the position at the court trial that the court had the power to order Reynoso to bear her own costs and fees.

During argument at the court trial on Reynoso's equitable causes of action, the following colloquy occurred:  "THE COURT:  Okay.  [¶]  How about this as an outcome: I give you your judgment, I acknowledge that the defendant prevailed in the heart of this action, and have each side bear their own fees and costs in the entire action?  [¶]  MR. MICHAEL CROSBY [Reynoso's trial counsel]:  I don't agree, Your Honor, with the

6

concept of the defendant prevailing on the heart of this action.  The heart of this action was the forged deed of trust.  [¶] . . . [¶]  THE COURT:  I think reasonable people can disagree about what was the heart of this action, but I'm just asking for input.  *Do you believe that the Court has the authority to go ahead and give you the relief you've requested and also order that as to the entire case, each side is to bear their own fees and costs?  [¶]  MR. MICHAEL CROSBY:  Your Honor, I do believe the Court has the power to do that.*  I would, though, further request Your Honor to revisit the issue of prevailing party and costs as to be determined in favor of [Reynoso] and I'll submit on that.  [¶] THE COURT:  What's your position with respect to the Court's authority on that issue? [¶]  MR. WESLEY [Patel's attorney]:  Absolutely, the Court has that authority.  If the Court would take that position, we don't need to have anymore [*sic*] motions about who was the prevailing party and they can have an order if they want one.  [¶] THE COURT: I'm going to give you the judgments on the two causes of action and ordering that each side is to bear their own fees and costs on the entire matter.  [¶]  MR. MICHAEL CROSBY:  Understood, Your Honor."  (Italics added.)

Patel never asserted below that Reynoso was estopped, either judicially or equitably, from seeking her attorney's fees.  "Questions of estoppel are questions of fact. We are precluded from considering these factual issues raised for the first time on appeal."  (*Malmstrom v. Kaiser Aluminum & Chemical Corp.* (1986) 187 Cal.App.3d 299, 319.)  Patel at no point asked the trial court to consider whether Reynoso should be estopped from seeking her attorney's fees.  Since the trial court never resolved any factual issues concerning estoppel, we are precluded from considering Patel's estoppel arguments for the first time on appeal.

We conclude that Reynoso was entitled to recover her attorney's fees under section 1717.  She asks us to fix the amount of those fees, but the determination of the amount of reasonable attorney's fees recoverable under section 1717 is a matter for the trial court to rule on in the first instance.  That is particularly true here as Reynoso's

7

action involved three causes of action, and her entitlement to section 1717 fees is limited to only one of those causes of action. We will therefore remand this matter to the trial court.

## III. Disposition

The order is reversed. On remand, the trial court shall determine the amount of attorney's fees that Reynoso is entitled to recover under section 1717. Reynoso shall recover her costs on appeal.

_____

Mihara, J.

WE CONCUR:

_____

Elia, Acting P. J.

_____

Grover, J.

9