**IN RE Jacqueline GIUSTO, Debtor.**

**Case No. 13–55547–ASW**

United States Bankruptcy Court,
N.D. California.

Signed April 21, 2015

Nina C. Decker, The Mlnarik Law Group Inc., Santa Clara, CA, for Debtor.

## MEMORANDUM DECISION RE: MOTION FOR ATTORNEY'S FEES

Arthur S. Weissbrodt, U.S. Bankruptcy Judge

Before the Court is the motion of Debtor Jacqueline Giusto ("Debtor") for recovery of attorney's fees under Cal. Civ. Code § 1717 ("CCC § 1717") as the prevailing party in litigation of Green Tree Servicing LCC's ("Green Tree") motion for relief from the automatic stay. Debtor is represented by attorney Jim Erickson. Green Tree is represented by attorney Nathan Smith. For the reasons explained below, the motion is granted.

## I. FACTS

Debtor filed a chapter 13 bankruptcy case on October 21, 2013.[1] Listed on Schedule A was the real property located at 3971 Arbuckle Drive, San Jose, California (the "Property"). Debtor's Schedule D states that Debtor is not listed on the mortgage, the mortgage is currently in Debtor's deceased grandmother's name, and that Debtor has been making the mortgage payments for the past decade.

In June 2001, Debtor's grandmother, Maddelena E. Giusto, executed a note ("Note") and deed of trust ("DOT") in favor of Bank of America, N.A., which encumbers the Property. After Debtor's grandmother passed away in 2002, Debtor's uncle inherited the Property; upon Debtor's uncle's death, the Property passed to Debtor by intestate succession. The parties do not dispute that Debtor is the owner of the Property.

The Note and Deed of Trust contain the following relevant contractual provisions:

Paragraph 11 of the Note provides that, in the event of a default, the bank has the right to declare the note due and payable at once; foreclose on the collateral; cancel any service contract;

(4) exercise all other rights, powers, and remedies given by law; and (5) recover from you all charges, costs, and expenses, including all collection costs and reasonable attorneys' fees incurred or paid by the Bank in exercising any right, power or remedy provided by this Loan Agreement or by law, together with interest on such collection costs, and fees at the interest rate in effect from time to time for the loan.

Paragraph 12 of the Note provides that if the borrower defaults, the borrower promises to pay the Bank

---

1. Debtor's plan was confirmed on January 15, 2015.

all reasonable costs and expenses it may incur, plus interest on those costs and expenses from the date incurred at the rate in effect for the loan. Those expenses may include, for example, to the extent allowed by law, reasonable attorney's fees for the Bank's own salaried attorneys or independent counsel that it hires.

The Short Form Deed of Trust executed by Maddalena E. Giusto and recorded on June 29, 2001, incorporates provisions (3) to (20) of the fictitious deed of trust recorded in Santa Clara County on July 15, 1999. Paragraph 7 of the fictitious deed of trust provides:

If I fail to perform my obligations under this Deed of Trust, or if any action or proceeding adversely affects Bank's interest in the Property, Bank may, at Bank's option, take any action reasonably necessary (including, without limitation, paying expenses and attorneys' fees) to perform my obligations or to protect Bank's interest. Any sums that Bank pays in accordance with this Paragraph will be an additional indebtedness secured by this Deed of Trust. These payments will be subject to finance charge in accordance with the variable rate terms of the Loan Agreement and will be due and payable by me immediately upon Bank's demand.

Paragraph 11 of the fictitious deed of trust provides, in relevant part, "This Deed of Trust will bind and benefit the successors in interest of Bank and me, subject to Paragraph 14 below." [2]

On December 30, 2013, Green Tree, acting under a Limited Power of Attorney by Bank of America, N.A., filed a motion for relief from the automatic stay under 11 U.S.C. § 362(d) (the "RFS Motion"). The RFS Motion and supporting declaration focused on the parties' contractual relationship, i.e., the Note and Deed of Trust. The RFS Motion and supporting declaration both state:

On or about June 20, 2001, Bank of America, N.A., made a loan in the amount of 149000.00[sic] ("Loan") to Debtors. In exchange for the Loan, Debtor[ ] executed and delivered a note in the original principal amount of $149,000.00 ("Note") to Bank of America, N.A. As additional consideration, and as security for repayment of the Loan, Debtors made, executed, and delivered to Bank of America, N.A., as beneficiary, a Deed of Trust ("Deed") dated June 20, 2001. True and correct copies of the Note and the Deed are attached as Exhibits "1" and "2" to the Declaration of Chassidy Kennedy filed concurrently herewith and is [sic] incorporated herein by reference.

Under its Power of Attorney, Green Tree Servicing LLC has the authority to enforce the note and deed of trust. A true and correct copy of the Limited Power of Attorney is attached as Exhibit "3" to the Declaration of Chassidy Kennedy and is incorporated herein by reference.

The Deed encumbers the property commonly known as 3971 Arbuckle Drive, San Jose CA 95214 ("Property").

Both the Note and the Deed require monthly payments of principal and interest to be made by Debtor[ ].

RFS Motion, page 2; Declaration of Chassidy Kenney, page 2 (Docket no. 28). The RFS Motion and declaration alleged that Debtor was delinquent in making payments required under the Note and Deed of Trust:

---

**2.** Paragraph 14 authorizes the Bank to accelerate the sums secured by the deed of trust if the property is transferred or sold without the Bank's written consent.

The [Debtor is] delinquent in making the payments required under the Note and the Deed. Post-petition payments are due from November 1, 2013 in the total post-petition amount of $2,387.34. Further, Movant anticipates that the January 1, 2013 payment will be due by the hearing.

RFS Motion, page 2; Declaration, page 2. The RFS Motion requested relief to enforce Movant's rights under the Note and Deed of Trust as permitted by state law:

Movant desires to enforce its rights under the Note and the Deed by, among other things, pursuing foreclosure proceedings. Accordingly, Movant hereby requests that the automatic stay against enforcement by Movant of its rights under the Note and the Deed be terminated and that Movant be permitted to proceed in enforcing its rights, including but not limited to, foreclosing under the Note and the Deed as permitted by state law.

RFS Motion, page 3. In the alternative, the RFS Motion requested that the Court order adequate protection payments.[3]

Debtor opposed the RFS Motion, arguing that Green Tree had failed to establish that it had standing to bring the RFS Motion or that it was in possession of the Note. This Court agreed and, on March 24, 2014, the Court entered an order requiring Green Tree to file an amended declaration by an officer or attorney for the lender or servicer that addressed Debtor's opposition no later than April 9, 2014. Green Tree did not file an amended declaration, and the RFS Motion was denied without prejudice on April 11, 2014.

The Court's ruling was not based on a finding that Green Tree lacked standing, but that Green Tree had not demonstrated that it was the real party in interest entitled to enforce the Note and Deed of Trust.

Debtor now moves the Court for an order awarding attorney's fees and costs on the grounds that Debtor was the prevailing party in an action on a contract, and thus attorney's fees and costs should be awarded pursuant to CCC § 1717. Debtor seeks $21,590.00 in attorney's fees.[4]

Green Tree opposes the motion for fees, arguing that CCC § 1717 is not applicable in actions based upon § 362(d). In the alternative, Green Tree argues that even if CCC § 1717 could be applied to the stay litigation, Debtor is not entitled to attorney's fees because Debtor is not a party to the contract or an intended beneficiary of the contract, and Debtor does not stand in the shoes of the borrower. Green Tree has not made a substantive objection to the amount of fees, except for a footnote in Green Tree's supplemental brief opining that the fees "appear to be unreasonable." As discussed below, the Court finds that under California law, Green Tree's motion is an "action on a contract" because the RFS Motion was a necessary step for Green Tree to enforce the contract. Under the loan documents, Green Tree would have been entitled to its attorney's fees for litigating the RFS Motion. Therefore, the Debtor is entitled to reciprocal attorney's fees as the prevailing party, despite her nonsignatory status.

## II. ISSUES

1. Whether Debtor is entitled to reciprocal attorney's fees under CCC § 1717 in

---

**3.** It is clear that Green Tree would have had no right to adequate protection payments except for the parties' contractual relationship.

**4.** Debtor originally sought $12,000.00, but increased the request to reflect additional fees related to attending the initial hearing and preparing supplemental briefing on the issue of Debtor's standing.

litigating a motion for relief from stay, in light of the Supreme Court's decision in *Travelers Cas. & Sur. Co. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007).

2. Whether Debtor is entitled to attorney's fees under the loan documents when Debtor is not a signatory to those documents.

## III. ANALYSIS

### A. *Entitlement to Attorney's Fees in a Bankruptcy Proceeding*

■ In general, a prevailing litigant is not usually entitled to collect attorney's fees from the losing party. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). This default rule, also known as the American Rule, may be overcome by statute or by an enforceable contract allocating attorney's fees. *Travelers Cas. & Sur. Co. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007) (citing *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967)). In California, one such statute is CCC § 1717, which provides, in relevant part:

In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

### 1. *The Johnson Case and Its Progeny*

Thirty years ago, the Ninth Circuit Court of Appeals held that attorney's fees under CCC § 1717 are not available in relief from stay litigation because such litigation is not an "action on a contract" and therefore CCC § 1717 is not applicable. *In re Johnson*, 756 F.2d 738, 740 (9th Cir.1985). In *Johnson*, the debtor sought attorney's fees after the bankruptcy court denied a creditor's motion for relief from the stay. The *Johnson* court reasoned that state contract law is not ordinarily applied by the bankruptcy court in an action brought pursuant to § 362(d). Rather,

[s]tay litigation is limited to issues of the lack of adequate protection, the debtor's equity in the property, and the necessity of the property to an effective reorganization. Hearings on relief from the automatic stay are thus handled in a summary fashion. The validity of the claim or contract underlying the claim is not litigated during the hearing. The action seeking relief from the stay is not the assertion of a claim which would give rise to the right or obligation to assert a counterclaim. Thus, the state law governing contractual relationships is not considered in stay litigation.

(Citations and footnotes omitted).

Building on the *Johnson* decision, the Ninth Circuit Court of Appeals in 1991 held that attorney's fees could not be recovered in bankruptcy, absent bad faith or harassment, for litigating issues that do not involve basic contract enforcement questions, but issues peculiar to federal bankruptcy law. *In re Fobian*, 951 F.2d 1149, 1153 (9th Cir.1991), *overruled by Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co.*, 549 U.S. 443, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007).

### 2. *Travelers overruled Fobian and Johnson.*

In *Travelers*, the Supreme Court overruled *Fobian*, holding that the Bankruptcy

Code provides no basis for categorically disallowing contract-based claims for attorney's fees based solely on the fact that the fees at issue were incurred litigating issues of bankruptcy law. 549 U.S. at 449, 127 S.Ct. 1199. The Supreme Court noted that none of the three Ninth Circuit cases provided as support for the decision in *Fobian*, i.e., *Johnson*; *In re Coast Trading Co.*, 744 F.2d 686 (9th Cir.1984); and *In re Fulwiler*, 624 F.2d 908 (9th Cir. 1980), identified any basis for disallowing a contractual claim for attorney's fees incurred litigating issues of federal bankruptcy law. *Travelers*, 549 U.S. at 452–53, 127 S.Ct. 1199.

In *Johnson*, as in *Fobian*, the Ninth Circuit Court of Appeals had failed to acknowledge that parties to contracts have rights under state law that the Bankruptcy Code does not abrogate. *Travelers* explicitly held that an otherwise enforceable contract allocating attorney's fees is allowable in bankruptcy except where the Bankruptcy Code provides otherwise. *Travelers*, 549 U.S. at 448–49, 127 S.Ct. 1199. The holding in *Johnson* was based not on an analysis of whether a relief from stay proceeding falls within the statutory term "action on a contract" but on the premise that the bankruptcy court should not have applied the state substantive law awarding attorney's fees in the first place. The *Johnson* court acknowledged that "the bankruptcy court has authority to apply either state substantive law or federal substantive law, but the choice depends on the nature of the action involved." *Johnson*, 756 F.2d at 740–41. The *Johnson* court concluded that because the matter did not involve the application of substantive state law, that the matter was not an "action on a contract" to which CCC § 1717 would apply. *Id.* at 741.

California courts have interpreted *Travelers* as overruling *Johnson* to the extent

*Johnson* endorsed a categorical rule barring a contractual claim for attorney's fees incurred in litigating issues of federal bankruptcy law. *See, e.g., Chinese Yellow Pages Company v. Chinese Overseas Marketing Service Corp.*, 170 Cal.App.4th 868, 887, 88 Cal.Rptr.3d 250 (2008) (opining that *Travelers* had overruled *Johnson* because *Travelers* had resulted in the "disapproval of the body of law adverted to in *Hassen Imports* [*In re Hassen Imports*, 256 B.R. 916 (9th Cir. BAP 2000)], which was discussed in the decisions of [*Fobian* and *Johnson*].")

Nevertheless, at least two bankruptcy courts have cited the *Johnson* decision post-*Travelers* for the premise that the validity of the claim or contract underlying the claim is not litigated during the relief from stay hearing. *In re Aniel*, 427 B.R. 811, 816 (Bankr.N.D.Cal.2010); *In re Tadros*, 2011 WL 590916, at *1 (Bankr. S.D.Cal. Feb. 10, 2011). This Court disagrees with those decisions. In any event, neither of these cases involved the application of CCC § 1717.

█ Importantly, for the reasons explained below, following *Travelers*, it is clear that the question of whether parties to a bankruptcy proceeding are entitled to attorney's fees under CCC § 1717 is purely a question of state law. *See In re Penrod*, 493 B.R. 140, 145 (N.D.Cal.2013); *Chinese Yellow Pages*, 170 Cal.App.4th at 884, 88 Cal.Rptr.3d 250.

## B. *California Law Regarding CCC § 1717*

### 1. *California Courts Liberally Construe the Phrase "On A Contract."*

CCC § 1717(a) provides for reciprocal attorney's fees in any "action on a contract" containing an attorney's fee provision. Cases holding that attorney's fees are not available in bankruptcy to the pre-

vailing party under CCC § 1717 are premised upon the notion that the matter is not an "action on a contract" under California law. *E.g., Johnson,* 756 F.2d at 741–42; *Aniel,* 427 B.R. at 816; *Tadros,* 2011 WL 590916, at *1.

■ However, California courts liberally construe the phrase "on a contract" to extend to any action "[a]s long as an action 'involves' a contract and one of the parties would be entitled to recover attorney fees under the contract if that party prevails in its lawsuit." *In re Baroff,* 105 F.3d 439 (9th Cir.1997) (citing *Milman v. Shukhat,* 22 Cal.App.4th 538, 27 Cal.Rptr.2d 526, 529–30 (1994)). Numerous California cases are in accord. *See, e.g., In re Tobacco Cases I,* 193 Cal.App. 4th 1591, 1599, 124 Cal.Rptr.3d 352 (2011). In *Tobacco Cases I,* the California Court of Appeals, in holding that a consent decree should be treated as a contract, noted that California courts construe the phrase "on a contract" liberally, and that, in order to hold otherwise, the Court of Appeals "would have to interpret the term 'on a contract' in section 1717 narrowly, which is impermissible under California law and antithetical to the Legislature's intent of ensuring reciprocity of remedy." *Id.* at 1601, 124 Cal.Rptr.3d 352. Other cases acknowledging that the phrase "on a contract" should be liberally construed include *Eden Township Healthcare District v. Eden Medical Center,* 220 Cal.App.4th 418, 426, 162 Cal.Rptr.3d 932 (2013); *Mitchell Land & Improvement Co. v. Ristorante Ferrantelli, Inc.,* 158 Cal.App.4th 479, 486, 70 Cal.Rptr.3d 9 (2007); *Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.,* 211 Cal.App.4th 230, 241, 149 Cal.Rptr.3d 440 (2012); *Dell Merk, Inc. v. Franzia,* 132 Cal.App.4th 443, 455, 33 Cal.Rptr.3d 694 (2005); *Brown Bark III, L.P. v. Haver,* 219 Cal.App.4th 809, 821, 162 Cal.Rptr.3d 9 (2013); *Turner v. Schultz,* 175 Cal.App.4th 974, 979–80, 96 Cal.

Rptr.3d 659 (2009); and *Blickman Turkus, L.P. v. Downtown Sunnyvale, LLC,* 162 Cal.App.4th 858, 894, 76 Cal.Rptr.3d 325 (2008).

In *Eden Township,* the court observed that an action on a contract includes not only a traditional action for damages for breach of a contract containing an attorneys fee clause, but also any other action that "involves" a contract under which one of the parties would be entitled to recover attorney fees if it prevails in the action. 220 Cal.App.4th at 426, 162 Cal.Rptr.3d 932. The opinion includes examples of types of actions which have been deemed to be actions "on a contract": an action seeking declaratory and injunctive relief to enforce a consent decree or avoid enforcement of an arbitration clause; an action seeking declaratory and injunctive relief and quiet title based on violations of the terms of a promissory note and deed of trust; an unlawful detainer action based on a lessee's alleged breach of covenants in a lease; a conversion action based on breach of a safe deposit box contract; and an action for reformation of a contract. *Eden Township,* 220 Cal.App.4th at 426–27, 162 Cal.Rptr.3d 932.

The *Eden Township* court also gave examples of situations where actions were deemed to *not* be an "action on a contract" for purposes of CCC § 1717: an action asserting only tort claims; a tort action for fraud arising out of a contract; an action including a claim labeled breach of contract but not seeking to enforce anyone's rights under the only contract containing an attorney fees clause; an unjust enrichment cause of action; an action on a contract that does not contain an attorney fees provision; an unlawful detainer action based on tortious holding over after expiration of a lease; an action against an attorney for professional negligence; or an action to enforce a judgment obtained for

breach of a promissory note. *Id.* (citing *Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.*, 211 Cal.App.4th 230, 241, 149 Cal.Rptr.3d 440 (2012)).

This Court has found only one case stating that CCC § 1717 is to be narrowly applied. *In re Davison*, 289 B.R. 716, 723–24 (9th Cir. BAP 2003). In *Davison*, the issue was whether a debtor who prevailed in a nondischargeability action under § 523(a)(2)(A) was entitled to attorney's fees under CCC § 1717. The BAP reversed the bankruptcy court's award of fees, holding that there was no contract claim involved, only a nondischargeability claim based on fraud. In its ruling, the BAP cited the California Supreme Court's decision in *Santisas v. Goodin*, 17 Cal.4th 599, 615, 71 Cal.Rptr.2d 830, 951 P.2d 399 (1998) as support for the notion that CCC § 1717 is to be narrowly applied and is available only if the dispute involves litigation of a contract claim. *See also In re Hosseini*, 504 B.R. 558, 567 n. 13 (9th Cir. BAP 2014) (citing *Davison* in affirming the bankruptcy court's denial of attorney's fees for litigating the nondischargeability of a student loan).

The Ninth Circuit BAP's statement that CCC § 1717 should be narrowly applied is arguably *dicta*, as it was not necessary to the resolution of the appeal. In any event, this Court does not read *Santisas* as supporting a narrow interpretation of the phrase "on a contract." Indeed, there is no such language in the *Santisas* decision. The *Santisas* court held that reciprocal attorney's fees were not available under CCC § 1717 when litigation had been voluntarily dismissed by the plaintiff before trial (but those fees were available under a different statute). The California Supreme Court noted that CCC § 1717 does not apply where the claims asserted are all tort claims, but did not appear to narrow the definition of the phrase "on a con-

tract." *See Santisas*, 17 Cal.4th at 614–17, 71 Cal.Rptr.2d 830, 951 P.2d 399. As noted above, cases decided after *Santisas* uniformly continue to construe the phrase "on a contract" liberally, *e.g.*, *Tobacco Cases I*, 193 Cal.App. 4th at 1599, 124 Cal.Rptr.3d 352; *Eden Township*, 220 Cal.App.4th 418, 162 Cal.Rptr.3d 932; *Mitchell Land & Improvement*, 158 Cal.App.4th 479, 70 Cal. Rptr.3d 9; *Douglas E. Barnhart*, 211 Cal. App.4th 230, 149 Cal.Rptr.3d 440; *Dell Merk*, 132 Cal.App.4th 443, 33 Cal.Rptr.3d 694; *Brown Bark III*, 219 Cal.App.4th 809, 162 Cal.Rptr.3d 9; *Turner*, 175 Cal. App.4th 974, 96 Cal.Rptr.3d 659; *Blickman Turkus*, 162 Cal.App.4th 858, 894, 76 Cal.Rptr.3d 325 (2008), and no party has cited any California case holding to the contrary.

### 2. An "Action on a Contract" Includes an Action To Enforce a Contract.

Under California law, an action is "on the contract" when it is brought to enforce the provisions of the contract. *City of Emeryville v. Robinson*, 621 F.3d 1251, 1267 (9th Cir.2010) (citing *MBNA America Bank, N.A. v. Gorman*, 147 Cal. App.4th Supp. 1, 7, 54 Cal.Rptr.3d 724 (2006)). In determining whether an action is on a contract for purposes of CCC § 1717, the proper focus is not on the nature of the remedy, *e.g.*, equitable relief, but on the basis of the cause of action. *Penrod*, 493 B.R. at 146 (citing *Tobacco Cases I*, 193 Cal.App.4th at 1602, 124 Cal. Rptr.3d 352).

After *Travelers*, California courts have upheld a creditor's right to seek attorney's fees incurred in bankruptcy court litigation to enforce a pre-petition judgment. *See PSM Holding Corp. v. National Farm Financial Corp.*, 743 F.Supp.2d 1136, 1163 (C.D.Cal.2010). In *PSM*, defendants sought fees under CCC § 1717 for attorney's fees incurred in bankruptcy court

proceedings that had been initiated by defendants themselves. The PSM court acknowledged that those fees may be available in some circumstances, but denied those on the ground that the fees incurred in the bankruptcy court were unnecessary. *Id.* at 1165. In reaching its decision, the court distinguished *Circle Star Center Associates, L.P. v. Liberate Technologies,* 147 Cal.App.4th 1203, 55 Cal.Rptr.3d 232 (2007); *Chinese Yellow Pages, supra*; and *Jaffe v. Pacelli,* 165 Cal.App.4th 927, 82 Cal.Rptr.3d 423 (2008)). In all three of those cases, the California Court of Appeals held that creditors were entitled to seek, in post-bankruptcy proceedings in state court, attorney's fees incurred attempting to enforce pre-petition state court judgments in bankruptcy court, where the judgment and/or underlying contract provided for an award of attorney's fees.

### C. *Application of CCC § 1717 to Green Tree's Motion for Relief from Stay*

#### 1. *Green Tree's Motion for Relief from Stay Was An Action to Enforce a Contract.*

The only relationship between Green Tree and the Debtor here is contractual. There is absolutely no tort or other noncontractual legal relationship between these two parties. And the only basis Green Tree had to bring a motion for relief from stay in the bankruptcy court was to enforce Green Tree's rights under the contract. Indeed, Green Tree's RFS Motion sought to enforce the parties' contract and foreclose on the property and/or collect sums due under the contract. In order for Green Tree to exercise its rights under the loan documents, Green Tree was required to move for relief from the automatic stay. Such a motion is part and parcel of an action to enforce a contract, which is an action on a contract under California law. Green Tree's RFS Motion alleged that Debtor was delinquent in the contractual payments due under the Note and Deed of Trust and sought relief to exercise Green Tree's rights under state law or, in the alternative, requested that this Court order adequate protection payments. Green Tree could not enforce the contract in state court without taking the preliminary step of obtaining relief from stay in the bankruptcy court. Importantly, a creditor's standing to bring such a motion is determined by the creditor's state law rights under the note and deed of trust. Additionally, Green Tree's right to adequate protection payments derives solely out of the parties' contractual relationship.

#### 2. *Whether or not Travelers overruled Johnson in toto, this case is distinguishable from Johnson.*

This case is distinguishable from *Johnson* and its progeny. An important aspect that distinguishes this case from *Johnson* and other cases holding to the contrary is that here, Debtor challenged Green Tree's standing. This was precisely a challenge to Green Tree's right to enforce the contract, and is thus an action on a contract under CCC § 1717. *See Santisas,* 17 Cal.4th at 611, 71 Cal.Rptr.2d 830, 951 P.2d 399 (observing that CCC § 1717 applies "when a person sued on a contract containing a provision for attorney fees to the prevailing party defends the litigation by successfully arguing the inapplicability, invalidity, unenforceability, or nonexistence of the same contract.") (citation and internal quotation omitted). Standing is not a unique issue in bankruptcy cases, particularly as a defense to a motion for relief from stay. Motions for relief from stay regularly involve issues other than equity and adequate protection, as was the

case here and in numerous similar cases. *E.g., In re Veal,* 450 B.R. 897, 914–15 (9th Cir. BAP 2011); *In re Hwang,* 438 B.R. 661 (C.D.Cal.2010); *In re Aniel,* 427 B.R. 811 (Bankr.N.D.Cal.2010); *In re Jackson,* 451 B.R. 24 (Bankr.E.D.Cal.2011); *In re Deamicis,* 454 B.R. 756 (Bankr.E.D.Cal. 2011); *In re Wilhelm,* 407 B.R. 392 (Bankr.D.Idaho 2009); *In re Jacobson,* 402 B.R. 359 (Bankr.W.D.Wash.2009); *In re Weisband,* 427 B.R. 13 (Bankr.D.Ariz. 2010).

Debtor prevailed on her challenge to the extent that this Court found that Green Tree had not demonstrated that it had the right to enforce the contract. This Court did not need to, nor did it, conclusively determine that Green Tree was *not* entitled to enforce the contract. *See In re Veal,* 450 B.R. 897, 914–15 (9th Cir. BAP 2011) (creditor need only establish that it has a colorable claim to enforce a right against property of the estate). Nevertheless, under a liberal construction of CCC § 1717, the fact that this matter turned on the issue of enforceability of the contract bolsters the conclusion that the RFS Motion was an action on a contract.

### 3. Relief from Stay Motions Generally are Actions on a Contract.

Even when the issues in the motion and defense thereto are purportedly limited to equity and adequate protection, normally the only relationship of the parties is contractual, and the essential nature of the dispute is contractual, *i.e.,* the motion seeks to enforce the contract between the parties and secure the creditor's remedies under the contract: payment and/or foreclosure. Accordingly, the Court concludes that most motions for relief from stay that seek relief to enforce a security interest should be construed as an "action on a contract" under California law. There may well be circumstances where motions

for relief from stay are not based on contractual rights, *e.g.,* where relief is sought to evict a debtor/squatter who has no contractual claim to occupy the premises.

### 4. Green Tree Would Have Been Entitled to Its Attorney's Fees.

Secured creditors nearly always seek and recover attorney's fees in connection with litigating motions for relief from stay. Secured creditors add the attorney's fees for litigating a motion for relief from stay to the total amounts due under the contracts by the debtors and recover those fees whether the creditor forecloses or is paid off through another means—typically a refinance or sale. In some cases, those fees may be awarded pursuant to § 506(b), which permits an oversecured creditor to recover attorney's fees. *Penrod,* 493 B.R. at 146. However, more often, those fees are sought under the attorney's fee provisions of the loan documents. Green Tree's RFS Motion did not include an explicit request for attorney's fees; however, the governing loan documents contain very broad attorney's fee provisions, which entitle the creditor, in the event of default, to "recover *all* charges, costs, and expenses, including all collection costs and reasonable attorney's fees paid by the Bank in exercising *any* right, power or remedy provided by this Loan Agreement or by law ..." Promissory note, ¶ 11 (emphasis added). Therefore, under the language of the loan documents (despite counsel's argument to the contrary), Green Tree would be entitled to its reasonable attorney's fees incurred in bringing the RFS Motion. As such, Debtor is entitled to recover reciprocal fees under CCC § 1717 for successfully defending Green Tree's RFS Motion. Any other holding would render the attorney's fee provision in the loan documents "effectively unilateral" in violation of the policy expressed by CCC § 1717.

The purpose of CCC § 1717 is to ensure mutuality of remedy for attorney's fee claims under contractual attorney fee provisions. *Santisas,* 17 Cal.4th at 610, 71 Cal.Rptr.2d 830, 951 P.2d 399.

Courts have recognized that section 1717 has this effect in at least two distinct situations.

The first situation in which section 1717 makes an otherwise unilateral right reciprocal, thereby ensuring mutuality of remedy, is "when the contract provides the right to one party but not to the other." In this situation, the effect of section 1717 is to allow recovery of attorney fees by whichever contracting party prevails, "whether he or she is the party specified in the contract or not."

The second situation in which section 1717 makes an otherwise unilateral right reciprocal, thereby ensuring mutuality of remedy, is when a person sued on a contract containing a provision for attorney fees to the prevailing party defends the litigation by successfully arguing the inapplicability, invalidity, unenforceability, or nonexistence of the same contract. Because these arguments are inconsistent with a contractual claim for attorney fees under the same agreement, a party prevailing on any of these bases usually cannot claim attorney fees as a contractual right. If section 1717 did not apply in this situation, the right to attorney fees would be effectively unilateral—regardless of the reciprocal wording of the attorney fee provision allowing attorney fees to the prevailing attorney—because only the party seeking to affirm and enforce the agreement could invoke its attorney fee provision. To ensure mutuality of remedy in this situation, it has been consistently held that when a party litigant prevails in an action on a contract by establishing that the contract is invalid, inapplicable, unenforceable, or nonexistent, section 1717 permits that party's recovery of attorney fees whenever the opposing parties would have been entitled to attorney fees under the contract had they prevailed.

*Santisas,* 17 Cal.4th at 610–11, 71 Cal. Rptr.2d 830, 951 P.2d 399 (citations and internal quotations omitted).

The fact that the debtor is in a bankruptcy should not abrogate that policy.

As discussed above, *Johnson* was overruled by *Travelers.* However, even if *Johnson* maintains viability, for the reasons discussed above, this case is distinguishable from *Johnson* because it involves a challenge to the creditor's standing, *i.e.,* a direct challenge to creditor's right to enforce the contract. Moreover, as cited above, there is a legion of California cases holding that the term "on a contract" as used in § CCC § 1717 should be liberally construed. Accordingly, even where there is no direct challenge to standing, the parties' relationship is defined and exists only by virtue of the loan documents, *i.e.,* the contract. No party has cited any California cases indicating that this Court's interpretation of CCC § 1717 is incorrect.[5]

---

5. This Court's ruling is not at odds with *Penrod, supra.* In *Penrod,* the bankruptcy court overruled a creditor's objection to confirmation of the debtor's chapter 13 plan. The question before the bankruptcy court was whether a portion of the creditor's claim was a purchase money security interest that had to be treated as a secured claim. The district court affirmed the bankruptcy court's denial of attorney's fees under CCC § 1717 based on its finding that the litigation did not involve an action on the contract: The debtor did not contest the amount due under the contract, the meaning of the contract, or the enforceability of the contract, but rather sought to modify the terms of the contract under federal

### 5. *Debtor Was the Prevailing Party.*

It is important to note that Green Tree does not dispute Debtor's assertion that she is the prevailing party on the RFS Motion, and the Court so finds. A prevailing party is the party who has recovered a greater relief in the action on the contract. CCC § 1717(b). When a defendant defeats recovery by the plaintiff on the only contract claim in the action, the defendant is the party prevailing on the contract under section 1717 as a matter of law. *Hsu v. Abbara,* 9 Cal.4th 863, 877, 39 Cal.Rptr.2d 824, 891 P.2d 804 (1995). Here, Debtor achieved her objective of defeating Green Tree's RFS Motion and is thus the prevailing party.[6]

### D. *Debtor's Entitlement to Attorney's Fees as a Nonsignatory to the Loan Documents*

■ Green Tree contends that Debtor is not entitled to attorney's fees because she was not a signatory to the loan documents and therefore is not personally liable. Green Tree asserts that a nonsignatory party is entitled to attorney's fees in only two instances: where the nonsignatory party stands in the shoes of a party to the contract, *e.g.*, as an alter ego, and where the nonsignatory party is a third party beneficiary of the contract. In support, Green Tree cites *Reynolds Metals Co. v. Alperson,* 25 Cal.3d 124, 158 Cal.Rptr. 1, 599 P.2d 83 (1979) and *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC,* 162 Cal.App.4th 858, 897, 76 Cal.Rptr.3d

325 (2008). However, for the reasons explained below, if Green Tree had prevailed on its RFS Motion, Green Tree could have added its attorney's fees to the sums due on the Note and Deed of Trust and would have recovered those fees if Debtor sold or refinanced the Property. Accordingly, Debtor is entitled to recover reciprocal fees despite her nonsignatory status.

In *Reynolds Metals,* the California Supreme Court held that § 1717 should "be interpreted to provide a reciprocal remedy to a nonsignatory defendant, sued on a contract as if he were a party to it, when the plaintiff would clearly be entitled to attorney's fees should he prevail in enforcing the contractual obligation against the defendant." 25 Cal.3d at 129, 158 Cal. Rptr. 1, 599 P.2d 83. The plaintiff in that case had alleged that defendants were the alter egos of the signatory to the relevant contract. Had plaintiffs prevailed, the defendants would have been liable on the notes and for the attorney's fees. Therefore, the court held that defendants, who had prevailed in the litigation, were entitled to attorney's fees under § 1717.

In *Blickman Turkus,* a brokerage firm, as an alleged third party beneficiary to a commission agreement, sued a lessor for breach of that agreement. Lessor prevailed, and sought attorney's fees under the commission agreement, which the trial court denied. The Court of Appeals affirmed the trial court. With respect to attorney's fees, the court applied the test set forth in *Reynolds Metals.* Because the

---

bankruptcy law. The district court observed: "The litigation had little to do with the parties' actual contract and concerned only abstract issues of how to treat the negative equity associated with a debtor's trade-in vehicle under bankruptcy law." *Penrod,* 493 B.R. at 147.

**6.** This bankruptcy case does not need to be concluded for the Court to make a prevailing

party determination. Regardless of whether this bankruptcy case was confirmed, dismissed, or converted, under the loan documents, Green Tree would have been entitled to its fees for prosecuting the relief from stay motion had it prevailed. Therefore, under the reciprocal provisions of CCC § 1717, Debtor is entitled to her fees in prevailing on this motion.

plain language of the fee provision in the contract limited the allowance of fees to "any litigation between the parties hereto," the court held that the brokerage firm, which was not a party to the contract, would not have been entitled to attorney's fees had it prevailed. Therefore, the lessor was not entitled to fees under § 1717 either. *Blickman Turkus,* 162 Cal. App.4th at 896, 76 Cal.Rptr.3d 325.

In *Saucedo v. Mercury Savings & Loan Ass'n,* 111 Cal.App.3d 309, 168 Cal.Rptr. 552 (1980), cited by Debtor, plaintiffs had purchased real property "subject to" an existing note and deed of trust. After plaintiffs refused to assume the loan because they objected to changes in the loan terms, the lender commenced foreclosure proceedings. Plaintiffs sued the lender for declaratory relief, an injunction, and exemplary damages. Plaintiffs also sought attorney's fees. Plaintiffs prevailed on their claim for declaratory relief. Defendants objected to any award of attorney's fees, arguing that because plaintiffs were not parties to the note or deed of trust that the lender could not have been held liable for attorney's fees had it prevailed.

The Court of Appeals reversed, overruling its previous decision in *Pas v. Hill,* 87 Cal.App.3d 521, 151 Cal.Rptr. 98 (1978). In *Pas,* the court had held that "subject to" purchasers were not entitled to recover attorney's fees because, not being parties to the note and deed of trust, they were not personally liable to perform the obligations created by those instruments and could not have been held liable for attorney's fees had the beneficiary and trustee of the deed of trust prevailed. In *Saucedo,* the court reconsidered the *Pas* opinion, holding:

> On rethinking the matter we agree with plaintiffs and the authorities noted. While we adhere to our conclusion that Civil Code section 1717 was not intended to extend the right to recover attorney fees to persons who themselves could not have been required to pay attorney fees in the event their adversary prevailed in the action, we are persuaded that in every case in which the nonassuming grantee has a sufficient interest in the property to warrant his resisting foreclosure, he would as a real and practical matter be required to pay reasonable attorney fees incurred by trustee and/or beneficiary should they prevail in the action to prevent foreclosure.

> While the nonassuming grantee would not have been personally liable for payment of attorney fees under the note and deed of trust, the trustee and/or beneficiary would have been entitled to attorney fees under the provisions of the deed of trust had they prevailed, and these fees would have become part of the debt secured by the deed of trust. To prevent foreclosure of his interest, the nonassuming grantee would have had to pay off the secured debt, including the attorney fees, by refinancing or otherwise. This practical "liability" of the nonassuming grantee is sufficient to call into play the remedial reciprocity established by Civil Code section 1717.

*Saucedo,* 111 Cal.App.3d at 315, 168 Cal. Rptr. 552 (citations and footnote omitted). Green Tree argues that *Saucedo* is distinguishable because here, the Debtor is not a nonassuming grantee.

The Court does not read *Reynolds Metals* or *Blickman Turkus* as limiting the reciprocal remedy under CCC § 1717 to the specific facts of those cases. The decision in *Blickman Turkus* turned on the fact that the attorney's fees clause at issue in that case limited recovery to the parties to the contract. Under *Reynolds Metals* and *Saucedo,* the test is whether Green Tree would have been entitled to attorney's fees had it prevailed on the RFS

Motion. Under the loan documents, if Green Tree had established its standing and prevailed on the RFS Motion, Green Tree could have added its attorney's fees incurred in prosecuting the RFS Motion to the amounts due on the Note and Deed of Trust, and Debtor would have had to pay those fees to pay off the Note and/or avoid foreclosure. Because the Court concludes that Green Tree would have been entitled to its fees had it prevailed on .its RFS Motion, Debtor is entitled to reciprocal fees.

### E. Reasonableness of Attorney's Fees

 A prevailing party is not necessarily entitled to recover all of its requested attorney's fees. *Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.*, 211 Cal. App.4th 230, 249, 149 Cal.Rptr.3d 440 (2012). Rather, this Court has discretion to fix a reasonable amount of attorney's fees by determining the number of hours reasonably expended on the case and a reasonable hourly rate for the work. *Id.* The time spent litigating the fee claim is compensable. *See Bruckman v. Parliament Escrow Corp.*, 190 Cal.App.3d 1051, 1062, 235 Cal.Rptr. 813 (1987) (citing *Brown v. Fairleigh Dickinson University*, 560 F.Supp. 391, 414 (D.N.J.1983)).

 As noted, the Debtor seeks $21,590.00 in attorney's fees. The request is supported by detailed time records and explanations of the work done. In a footnote, Green Tree states that "the attorneys' fees sought appear to be unreasonable as to the amount and nature of the alleged work performed." However, Green Tree has not objected to any specific time entries or the hourly rates charged by Debtor's attorneys. According to the time records, the bulk of the fees were incurred by Mr. Erickson, who billed a total of 58.6 hours at a rate of $350 per hour ($20,510.00). Mr. Erickson's hourly rate is commensurate with hourly rates charged by attorneys in this District. Regarding the number of hours spent, although 58.6 hours is significant, the Court has carefully reviewed the request and supporting documentation and finds that the time spent was reasonable given the difficulty, complexity, and skill required to analyze the issues in this matter. Accordingly, the Court finds that Debtor is entitled to recover the full amount of fees requested, $21,590.00.

### IV. CONCLUSION

Green Tree's RFS Motion was an action to enforce a contract. Pursuant to the loan documents governing the subject loan, Green Tree would have been entitled to its fees incurred in prosecuting the RFS Motion. Accordingly, Debtor, despite her status as a nonsignatory to the loan documents, is entitled to recovery of her reasonable attorney's fees pursuant to CCC § 1717, and the Court finds that $21,590 is reasonable.

Counsel for the Debtor may submit a proposed form of order, after review as to form by counsel for Green Tree.

**IT IS SO ORDERED.**